IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARLENE SANDOVAL,

       Plaintiff,

v.

BANCARD PORTFOLIOS, INC. and
CREDIT SOLUTIONS CORPORATION,

       Defendants.

### COMPLAINT FOR DAMAGES FOR ABUSIVE DEBT COLLECTION

1. Defendants are debt collectors who engaged in abusive debt collection activity against the Plaintiff. Defendants falsely threatened to sue on a time-barred debt, in order to deceive Ms. Sandoval into making a payment that would revive the statute of limitations.

2. Plaintiff brings claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA") and the New Mexico Unfair Practices Act.

### Jurisdiction

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d), and under 28 U.S.C. §§1331, 1337 and 1367.

### Parties

4. Plaintiff Arlene Sandoval resides in the vicinity of Crownpoint, New Mexico. She is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant Bancard Portfolios, Inc. ("Bancard") is a foreign corporation whose principal

business is the collection of consumer debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. It has been engaged by multiple creditors to do so. Bancard is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Credit Solutions Corporation ("CSC") is a foreign corporation whose principal business is the collection of consumer debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. It has been engaged by multiple creditors to do so. CSC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Bancard and CSC both are owned and operated by Michael A. Joplin. They operate out of the same suite in San Diego, California. Upon information and belief, the companies share the same employees and work in concert, purchasing defaulted debts and attempting to collect the debts, for each other and for third parties.

## Facts

8. In 2006 Ms. Sandoval co-signed to help her nephew buy a vehicle. Upon information and belief, the vehicle was financed with HSBC Auto Finance.

9. The nephew failed to make payments on the contract, and the vehicle was destroyed in an accident in about September, 2006.

10. Ms. Sandoval never made any payments and the four year statute of limitations on the debt expired.

11. In August, 2011, defendants contacted Ms. Sandoval about this debt.

12. The collector threatened to take action that could not legally be taken and that defendants did not intend to take, including filing a lawsuit, garnishing Ms. Sandoval's wages, and

intercepting her tax refund.

13. The collector knew or had reason to know that the debt was time-barred.

14. The collector failed to disclose that information and failed to explain that the debt was too old for Ms. Sandoval to be sued in court or that, by making a payment, she could be renewing the debt and exposing herself to legal liability.

15. By depriving Ms. Sandoval of this essential information, and scaring her into believing that she would be sued and subjected to other legal remedies, defendants convinced Ms. Sandoval to send money, exposing her to possible revival of the debt.

16. Defendants continued to call Ms. Sandoval to attempt to collect the alleged debt.

17. On January 13, 2012 Bancard sent a letter, threatening to file suit against Ms. Sandoval, if she failed to make payments.  Bancard stated that its "Legal Department" was reviewing the account and "intends to file suit against you if you do not pay the current account balance."

18. Bancard was threatening to take action that could not legally be taken and that it did not intend to take.

19. Bancard also threatened to intercept Ms. Sandoval's tax refund and to garnish her wages, even though it had no legal right or ability to do so.

20. Bancard's letter failed to contain the language required, explaining Ms. Sandoval's rights or the procedures available under the Fair Debt Collection Practices Act.

21. Defendants' actions constitute the transaction of business within New Mexico and the commission of tortious acts within this state.

22. As a result of the actions of Defendants, Ms. Sandoval suffered actual damages, including loss of money, (possibly) reinstating the debt, aggravation, humiliation, and emotional distress.

### First Claim for Relief: Violations of the FDCPA

23. The foregoing actions of Defendants violate the FDCPA, including 15 U.S.C. §§ 1692e and 1692g.

24. Plaintiff is entitled to recover statutory damages and actual damages, costs and reasonable attorney fees.

### Second Claim for Relief: Violations of the Unfair Practices Act

25. Defendants are subject to the Unfair Practices Act for their business conduct in New Mexico.

26. The foregoing actions of Defendants constitute unfair or deceptive trade practices, and unconscionable trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA 1978 §57-12-2(D) and (E).

27. Defendants willfully engaged in these unlawful trade practices.

28. Plaintiff is entitled to recover actual or statutory damages, trebled, plus costs and reasonable attorney's fees.

29. Plaintiff is entitled to injunctive relief to prevent irreparable injury that will result from continued collection activities, including barring the collection of any further amounts on the debt and the transfer of the debt to a third party.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award statutory and actual damages for Defendants' violations of the Fair Debt Collection Practices Act;

B. Award statutory or actual damages, trebled, for Defendants' violations of the Unfair Practices Act;

C. Enjoin further collection activity on the account and enjoin any transfer of the account;

D. Award reasonable attorney's fees;

E. Award costs; and

F. Grant such other relief as it deems just and proper.

Respectfully submitted,

_____
*/s/ Richard N. Feferman*
Richard N. Feferman
Feferman & Warren, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773